UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| April Nance, | Civil File No. 22-cv-3096 (WMW/JFD) |
| Plaintiff, | |
| v. | **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT** |
| Metropolitan Life Insurance Company, Cisco Systems, Inc., | |
| Defendants. | |

NOW COMES defendant Metropolitan Life Insurance Company ("Defendant" or "MetLife"), by and through its undersigned counsel and for its answers and affirmative defenses to Plaintiff's First Amended Complaint, states as follows:

Except as otherwise admitted or qualified in this Answer and Affirmative Defenses, Defendant denies each and every allegation of the Plaintiff's First Amended Complaint.

1.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1) and (f) of the Employee Retirement Income Security Act of 1974 ("ERISA") over this claim for disability benefits under a plan governed by ERISA, 29 U.S.C. § 1001 et seq.

**ANSWER:** Paragraph 1 of Plaintiff's First Amended Complaint contains a statement of law for which no response is required from Defendant. Defendant does not dispute subject matter jurisdiction. Defendant denies the remaining allegations, if any, contained in Paragraph 1 of Plaintiff's First Amended Complaint and denies that Plaintiff is entitled to disability benefits.

1057619\312531087.v1

2.     Venue is proper in this district pursuant to 29 U.S.C. § 1132 (e)(2)1, because defendants Metropolitan Life Insurance Company and Cisco Systems, Inc. may be found in this district. In particular, Metropolitan Life Insurance Company and Cisco Systems, Inc. are registered as a corporation with the State of Minnesota, conduct ongoing business with Minnesota residents, employ Minnesota residents, have extensive contacts within Minnesota, and accordingly are found within Minnesota.

**ANSWER:** Paragraph 2 of Plaintiff's First Amended Complaint contains a statement of law for which no response is required from Defendant. To the extent a response is required, Defendant denies that venue is proper. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations against Cisco Systems, Inc. and therefore denies same.

3.     On information and belief, Defendant Metropolitan Life Insurance Company insures the employee benefit plan ("Plan") that Cisco Systems, Inc created and maintains to provide its employees with income protection should they become disabled.

**ANSWER:**  In response to the allegations contained in Paragraph 3 of Plaintiff's First Amended Complaint, Defendant admits that it issued a group long-term disability ("LTD") policy to Cisco Systems, Inc. to fund LTD benefits payable under the terms and conditions of the Cisco Systems Welfare Benefit Plan ("the Plan"). Defendant denies the remaining allegations contained in Paragraph 3 of Plaintiff's First Amended Complaint.

4.     On information and belief, Defendant Metropolitan Life Insurance Company is a corporation organized and existing under the laws of the State of New York and is the insurer and claims administrator for the Plan.

**ANSWER:**  Defendant admits only that it is a corporation organized and existing under the laws of the State of New York and that it issued a group insurance policy to fund LTD benefits payable under the subject employee welfare benefit plan and that it acted as

the Plan's claims administrator relative to the claim at issue. Defendant denies the remaining allegations contained in Paragraph 4 of Plaintiff's First Amended Complaint.

5.     Plaintiff is a resident and citizen of the United States, an employee of Cisco Systems, Inc, and a participant in the Plan.

**ANSWER:**   Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of Plaintiff's First Amended Complaint regarding Plaintiff's current residence and citizenship. Defendant admits, upon information and belief, that Plaintiff was at certain times an employee of Cisco Systems, Inc. and that Plaintiff was a participant in Cisco Systems, Inc.'s employee welfare benefit plan for LTD benefits. Defendant denies the remaining allegations, if any, contained in Paragraph 5 of Plaintiff's First Amended Complaint.

6.     As set forth in 29 U.S.C. § 1133 of the ERISA statute, the Plan provides a mechanism for administrative appeals of benefit denials. Plaintiff has exhausted all such appeals.

**ANSWER:**   Paragraph 6 contains a statement of law to which no answer is required under the rules. Defendant admits that Plaintiff has exhausted all administrative appeals required by the Plan prior to this judicial challenge to the determination to deny LTD benefits. Defendant denies the remaining allegations, if any, contained in Paragraph 6 of Plaintiff's First Amended Complaint.

7.     On information and belief, Plaintiff was covered at all relevant times under group disability policy number 113189-G which was issued by Metropolitan Life Insurance Company to Cisco Systems, Inc to insure the participants of the Plan. A copy of the policy is attached as Exhibit A.

**ANSWER:**   In response to Paragraph 7 of Plaintiff's First Amended Complaint, Defendant admits that it issued group policy number 113189-G to Cisco Systems, Inc. to

fund LTD benefits payable under the subject employee welfare benefit plan and admits that Plaintiff was at certain times a participant in the subject plan for LTD benefits. Defendant denies the remaining allegations contained in Paragraph 7 of Plaintiff's First Amended Complaint.

8.     Pursuant to 29 U.S.C. § 1024(b)(4), Plaintiff submitted a request for plan documents to the Plan Administrator, Cisco Systems, Inc, on June 9, 2022. The Plan Administrator failed to mail copies of all requested documents within 30 days of Plaintiff's request.

**ANSWER:**   Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiff's First Amended Complaint and therefore denies same. Defendant avers that it is not the Plan Administrator for the subject employee welfare benefit plan.

9.     On information and belief, Metropolitan Life Insurance Company both funds the Plan and decides whether participants will receive benefits under the Plan. Accordingly, Metropolitan Life Insurance Company has a conflict of interest, which must be considered when determining whether its denial of Plaintiff's benefits was proper.

**ANSWER:**   Defendant admits only that it issued a group insurance policy to Cisco Systems, Inc. to fund LTD benefits payable under the subject employee welfare benefit plan, and that it acted as the Plan's claims administrator relative to the claim at issue. Defendant denies the remaining allegations contained in Paragraph 9 of Plaintiff's First Amended Complaint.

10.    Metropolitan Life Insurance Company's interest in protecting its own assets influenced its decision to deny Plaintiff's application for disability benefits.

**ANSWER:**   Defendant denies the allegations contained in Paragraph 10 of Plaintiff's First Amended Complaint.

1057619\312531087.v1

11. The Plan is an ERISA welfare benefit plan.

**ANSWER:** Defendant admits that the subject employee welfare benefit plan is governed by ERISA.

12. Under the Plan, a participant who meets the definition of "disabled" is entitled to disability benefits paid out of the Plan assets.

**ANSWER:** Defendant admits that under the subject employee welfare benefit plan for LTD benefits, eligible plan participants who meet the terms and conditions of the Plan, including but not limited to the definition of "Disability" or "Disabled", may qualify to receive LTD benefits. Defendant denies the remaining allegations contained in Paragraph 12 of Plaintiff's First Amended Complaint.

13. Plaintiff became disabled under the terms of the Plan's policy on or about March 5, 2021 and continues to be disabled as defined by the Plan. Accordingly, Plaintiff is entitled to benefits under the terms of the Plan.

**ANSWER:** Defendant denies the allegations contained in Paragraph 13 of Plaintiff's First Amended Complaint.

14. Plaintiff submitted a timely claim to Metropolitan Life Insurance Company for disability benefits.

**ANSWER:** Defendant admits the allegations contained in Paragraph 14 of Plaintiff's First Amended Complaint.

15. Metropolitan Life Insurance Company denied Plaintiff's claim for disability benefits. Plaintiff appealed Metropolitan Life Insurance Company's decision, but Metropolitan Life Insurance Company denied Plaintiff's appeal on May 17, 2022.

**ANSWER:** Defendant admits the allegations contained in Paragraph 15 of Plaintiff's First Amended Complaint.

16. Plaintiff provided Metropolitan Life Insurance Company with substantial medical evidence demonstrating she was eligible for disability benefits.

1057619\312531087.v1

**ANSWER:** Defendant denies the allegations contained in Paragraph 16 of Plaintiff's First Amended Complaint.

17. Metropolitan Life Insurance Company's decision to deny disability benefits was arbitrary, capricious, unreasonable, irrational, wrongful, contrary to the terms of the Plan, contrary to the evidence and contrary to law, as demonstrated by the following non-exhaustive examples:

    a. Metropolitan Life Insurance Company failed to have Plaintiff independently examined, and instead relied on the opinion of a medical professional who merely reviewed Plaintiff's medical records and rejected the opinion of Plaintiff's treating physician;

    b. Metropolitan Life Insurance Company relied on the opinion of a medical professional who was financially biased by their relationship with Metropolitan Life Insurance Company and as such unable to offer an unbiased opinion;

    c. Metropolitan Life Insurance Company relied on the opinion of a medical professional that was not supported by substantial evidence in the claim file, and was inconsistent with the overall evidence in the record;

    d. Metropolitan Life Insurance Company relied on the opinion of a medical professional who was not qualified to refute the findings of Plaintiff's physician;

    e. Metropolitan Life Insurance Company ignored obvious medical evidence and took selective evidence out of context as a means to deny Plaintiff's claim;

    f. Metropolitan Life Insurance Company ignored and/or misrepresented the opinions of Plaintiff's treating physician.

**ANSWER:** Defendant denies the allegations contained in Paragraph 17 of Plaintiff's First Amended Complaint, including all sub-parts.

18. Metropolitan Life Insurance Company abused its discretion in denying Plaintiff's claim.

**ANSWER:** Defendant denies the allegations contained in Paragraph 18 of Plaintiff's First Amended Complaint.

19. The decision to deny benefits was wrong under the terms of the Plan.

**ANSWER:** Defendant denies the allegations contained in Paragraph 19 of Plaintiff's First Amended Complaint.

20. The decision to deny benefits was not supported by substantial evidence in the record.

**ANSWER:** Defendant denies the allegations contained in Paragraph 20 of Plaintiff's First Amended Complaint.

21. Metropolitan Life Insurance Company's failure to provide benefits due under the Plan constitutes a breach of the Plan.

**ANSWER:** Defendant denies the allegations contained in Paragraph 21 of Plaintiff's First Amended Complaint.

22. Metropolitan Life Insurance Company's failure to provide Plaintiff with disability benefits has caused Plaintiff to be deprived of those benefits from March 5, 2021 to the present. Plaintiff will continue to be deprived of those benefits, and accordingly will continue to suffer future damages in an amount to be determined.

**ANSWER:** Defendant denies the allegations contained in Paragraph 22 of Plaintiff's First Amended Complaint.

23. Metropolitan Life Insurance Company's denial of benefits under the Plan has caused Plaintiff to incur attorneys' fees and costs to pursue this action. Pursuant to 29 U.S.C. § 1132(g)(1), Defendants should pay these costs and fees.

**ANSWER:** Defendant denies the allegations contained in Paragraph 23 of Plaintiff's First Amended Complaint.

24. A dispute now exists between the parties over whether Plaintiff meets the definition of "disabled" under the terms of the Plan. Plaintiff requests that the Court declare she fulfills the Plan's definition of "disabled," and is accordingly entitled to all benefits available under the Plan. Plaintiff further requests reimbursement of all expenses and premiums she paid for benefits under the Plan from the time of denial of benefits to the present. Plaintiff further requests imposition of penalties pursuant to 29 U.S.C. § 1132(c)(1) for the failure to timely provide requested plan documents. In the alternative of

the aforementioned relief, Plaintiff requests that the Court remand and instruct Metropolitan Life Insurance Company to adjudicate Plaintiff's claim in a manner consistent with the terms of the Plan.

**ANSWER:** Defendant denies the allegations in Paragraph 24 of Plaintiff's First Amended Complaint and denies that Plaintiff is entitled to the relief requested.

Defendant denies that Plaintiff is entitled to any relief requested in her WHEREFORE paragraph, including subparts 1–8.

## AFFIRMATIVE DEFENSES

Now comes Metropolitan Life Insurance Company ("MetLife") and for its affirmative defenses, states as follows:

1. MetLife's determinations with respect to Plaintiff's claim for benefits under the subject employee welfare benefit plan, and any administrative appeal, were reasonable and permissible.

2. MetLife correctly and reasonably determined that Plaintiff failed to satisfy the subject plan's conditions precedent to receive long-term disability benefits, including but not limited to satisfying the definition of "Disability" or "Disabled" as set forth in the subject plan.

3. Plaintiff failed to submit written evidence satisfactory to MetLife that she satisfied the subject plan's conditions and requirements for long-term disability benefits.

4. In the event that Plaintiff is adjudicated to be eligible to receive long-term disability benefits under the subject plan (which MetLife expressly denies), the amount of benefits is subject to all terms and conditions of the plan, including but not limited to reduction for Other Income, as defined by the subject plan.

5. Plaintiff fails to state a cognizable claim upon which relief may be granted with respect to her demand that the Court declare that she is entitled to benefits. No actual case or controversy exists with respect to Plaintiff's alleged entitlement to future benefits.

6. MetLife is entitled to recover its reasonable attorneys' fees and costs pursuant to 29 U.S.C. §1132(g).

7. Plaintiff purports to state a cause of action relating to claims for long-term disability benefits under an ERISA-governed plan. To the extent, if any, that Plaintiff's First Amended Complaint can be construed as asserting any other claims, including claims under state law, Plaintiff's claims are preempted and otherwise barred by the applicable provisions of ERISA and binding precedent. *E.g.,* 29 U.S.C. §§ 1132 (a)(1)(B) and 1144. Under ERISA, Plaintiff is not entitled to seek compensatory, punitive, or other extra-contractual damages.

8. Plaintiff's remedies for any alleged act or omission are limited solely to those offered by ERISA, as Plaintiff's claims are governed by ERISA.

9. MetLife has discharged its duties in the interest of the subject plan participants and beneficiaries, and in doing so, MetLife has acted in accordance with the documents and instruments governing the subject plan.

10. MetLife has fully performed its duties under the subject plan, and Plaintiff is estopped from asserting any cause of action against MetLife.

11. If the Court determines that MetLife materially erred in administering Plaintiff's claim for benefits under the terms of the subject plan or applicable law, which is denied, the Court should remand the claim to MetLife for further administrative

processing in accordance with such determination before reaching any judicial decision as to Plaintiff's entitlement to further benefits.

12. Should there be a determination that Plaintiff is entitled to long-term disability benefits, which is denied, her recovery is subject to the terms, conditions, limitations, endorsements, exclusions and effective dates of the documents and instruments governing the subject plan.

13. MetLife reserves the right to assert additional defenses including those that become known in the course of this litigation.

WHEREFORE, defendant Metropolitan Life Insurance Company respectfully requests that judgment be entered in its favor and against the Plaintiff and the case be dismissed with prejudice and on the merits; that Plaintiff be required to pay Defendant's reasonable attorneys' fees and costs; and that the Court grant such other and further relief as is just and equitable.

1057619\312531087.v1

Dated:  April 3, 2023            HINSHAW & CULBERTSON LLP

By: *s/Rita Gokhberg*
Rita Gokhberg, Reg. No. 0401700
250 Nicollet Mall, Suite 1150
Minneapolis, MN 55401
Telephone:  612-333-3434
Fax:  612-334-8888
mgokhberg@hinshawlaw.com

Daniel K. Ryan, Admitted *Pro Hac Vice*
151 North Franklin, Suite 2500
Chicago, IL, 60606
Telephone:  312-704-3000
Fax:  312-704-3001
dryan@hinshawlaw.com

ATTORNEYS FOR DEFENDANT
METROPOLITAN LIFE INSURANCE
COMPANY

1057619\312531087.v1