UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| April Nance, | ) | Court File No. 22-cv-3096 (WMW/DLM) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **RULE 26(f) REPORT** |
| | ) | **(ERISA CASES)** |
| Metropolitan Life Insurance Company, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

_____

The parties/counsel identified below conferred as required by Fed. R. Civ. P. 26(f) and the Local Rules, on July 20, 2023 and prepared the following report.

The initial pretrial conference is scheduled for August 11, 2023, at 1:30 p.m. before United States Magistrate Judge Douglas L. Micko by Zoom – audio only.

## DESCRIPTION OF THE CASE

1. Concise factual summary of Plaintiff's claims: **This is a civil dispute brought pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA"), in which Plaintiff seeks entitlement to long term disability benefits. Plaintiff is entitled to past and future benefits under the disability policy issued and insured by Defendant. Plaintiff submitted substantial evidence to Defendant to support her claim. Defendant wrongfully denied her claim. Defendant's denial of this claim was wrong, contrary to the law, contrary to the policy, contrary to the evidence, arbitrary and capricious.**

2. Concise factual summary of Defendant's claims/defenses: **Metropolitan Life Insurance Company issued a group long-term disability ("LTD") policy to Cisco Systems, Inc. to fund LTD benefits payable under the terms and conditions of the subject employee welfare benefit plan and acted as the claims administrator relative to the claim at issue. Plaintiff was at certain times a participant in the subject plan for LTD benefits. Metropolitan Life Insurance Company denies that Plaintiff established that she was disabled under the terms and conditions of the subject employee welfare benefit plan and asserts that its claim determination was correct, reasonable, based on substantial evidence, in accordance with the terms and conditions of the plan documents, and neither arbitrary or capricious.**

3. Statement of jurisdiction (including statutory citations): **Jurisdiction is conferred under 29 U.S.C. § 1132(e) as Plaintiff's claim is governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001 *et seq.***

4. Summary of factual stipulations or agreements: **None.**

6. Statement of whether all process has been served, all pleadings filed, and any plan for any party to amend pleadings or add additional parties to the action;

   **All pleadings have been served and filed in this matter. The parties do not anticipate the need to amend the pleadings or add additional parties to this action but reserve the right to do so as necessary.**

7. If applicable, a list of all insurance carriers/indemnitors, including limits of coverage of each defendant or statement that the defendant is self-insured; and

   **The employee welfare benefit plan at issue is insured by Defendant Metropolitan Life Insurance Company for LTD benefits.**

8. If the parties would like the case resolved under the Rules of Procedure for Expedited Trials of the United States District Court for the District of Minnesota, a statement of the parties' agreement to that effect.

   **The parties do not so agree.**

## DISCOVERY SCHEDULE/DEADLINES & LIMITATIONS

Discovery is allowed in ERISA disability benefit cases **only if the parties agree or upon Court order**. The following schedule and deadlines apply to discovery:

1. The administrative record will be produced no later than **November 15, 2023**. The parties have discussed the form in which the administrative record will be produced and have reached the following agreement: **The administrative record will be produced to Plaintiff in .pdf format.**

2. Plaintiff(s) will review and verify the completeness of the administrative record by **December 15, 2023**.

3. By **December 15, 2023**, the parties will stipulate that the administrative record shall constitute the factual record on which cross-motions for summary judgment will then be prepared, filed, and argued.

1057619\313991281.v1

4.      If the parties agree to any additional discovery, including any expert discovery, they shall inform the Court of their specific proposals before **December 15, 2023**.

5.      Any motion to allow discovery shall be filed on or before **December 15, 2023.** [**NOTE:** If additional discovery is permitted by the Court, the Court and parties will discuss appropriate deadlines and limitations for the completion of that discovery.]

The parties must meet and confer to resolve all discovery disputes and other non-dispositive issues prior to filing any motions.

6.      Claims of Privilege or Protection. The parties have discussed issues about claims of privilege and of protection as attorney work-product or trial preparation materials, as required by Fed. R. Civ. P. 26(f), including whether the parties agree to a procedure to assert these claims after production, or have reached any other agreements under Fed. R. Evid. 502, and **do** request the Court to include the following agreement in the scheduling order or protective order:

> The parties agree to follow the procedure set forth in Fed. R. Civ. P. 26(b)(5)(B) regarding information produced in discovery that is subject to a claim of privilege or protection as trial-preparation material. Pursuant to Fed. R. Evid. 502, the inadvertent production of any documents in this proceeding shall not constitute a waiver of any privilege or protection applicable to those documents in any this or any other federal or state proceeding.

If the parties do not agree to the foregoing language, and/or have reached other or additional agreements concerning the process for handling privileged or work product information that is produced in discovery and wish them to be incorporated into the Pretrial Scheduling Order, those agreements should be set forth here: **N/A.**

## PROTECTIVE ORDER

If either party believes a protective order is necessary, the parties shall jointly submit a proposed protective order, identifying any terms on which the parties disagree so they can be discussed in connection with the pretrial conference. [**NOTE:** The Court has recently revised its suggested protective order form and the parties are encouraged to consult that form in preparing a proposed protective order for entry by the Court (***http://www.mnd.uscourts.gov/local_rules/forms/Stipulation-for-Protective-Order-Form.pdf*** or ***http://www.mnd.uscourts.gov/local_rules/forms/Stipulation-for-Protective-***

*Order-Form.docx*).] No protective order may include language purporting to obligate the Court or the office of the Clerk of Court to destroy or return confidential documents to the parties after the conclusion of the case. The parties are also reminded that their Stipulation for Protective Order must be filed in CM/ECF and a Word version of the document must be e-mailed to Magistrate Judge Micko's chambers.

The absence of a protective order entered by the Court will not be a basis for withholding discovery or disclosures. If any document or information responsive to discovery served in this case is deemed confidential by the producing party and the parties are waiting for the Court to enter a protective order, the document shall be marked "Confidential" or with some other Confidential designation (such as "Confidential – Outside Attorneys Eyes Only") by the producing party and disclosure of the Confidential document or information shall be limited to each party's outside attorney(s) of record and the employees of such outside attorney(s). After the Court enters a protective order, such documents and information shall be treated in accordance with the protective order.

## NON-DISPOSITIVE MOTION DEADLINES

1.  All motions that seek to amend the pleadings or to add parties must be filed and served on or before **December 29, 2023**.

2.  Except as otherwise provided in this Order, all non-dispositive motions and supporting documents, including motions related to expert discovery, shall be filed and served on or before **December 29, 2023**. [**NOTE:** Absent unusual circumstances, this date should be no more than two weeks following the deadline for a motion seeking fact discovery.]

## DISPOSITIVE MOTION DEADLINES

The parties recommend that all dispositive motions be filed and served (and heard, depending on District Judge assigned) on or before **July 29, 2024**.

## SETTLEMENT

1.  The parties must conduct a meaningful discussion about possible settlement before the initial pretrial conference, including a written demand by the plaintiff(s) and a written response by each defendant. The parties must also discuss whether private mediation or an early settlement conference with the Court (or another form of alternative dispute resolution) would be productive and, if so, when it should occur and what discovery, if any, would be necessary to conduct before such a conference.

The results of that discussion, including any proposals or recommendations,

1057619\313991281.v1

are as follows: **The parties have discussed settlement prior to the initial pretrial conference, with Plaintiff making a written demand and Defendant making a written response/offer. The parties wish to engage in direct settlement negotiations, but propose that the Court schedule a settlement conference to occur at least three months prior to the dispositive motion deadline or at the request of the parties. The parties agree that in ERISA matters, discovery is generally not allowed absent a showing of good cause and order of the Court.**

2.      Each party will email to Magistrate Judge Micko's chambers, no later than **one (1) week before** the pretrial conference, a confidential letter of no more than three (3) pages, setting forth what settlement discussions have taken place, whether the party believes an early settlement conference would be productive, what discovery each party believes is necessary before an early settlement conference can take place and any additional, confidential information about the party's interest in settlement or possible settlement proposals as may be of assistance to Magistrate Judge Micko in planning or furthering early settlement efforts. [**NOTE:** This confidential letter should not advance arguments or positions on issues that may come before Magistrate Judge Micko for ruling.]

3.      The Court will discuss this topic with the parties at the pretrial conference and will set a date for an early settlement conference or for a status conference to determine when the case will be ready for a productive settlement conference.

## TRIAL

1.      Trial by Magistrate Judge

The parties **have not** agreed to consent to jurisdiction by the Magistrate Judge pursuant to Title 28, United States Code, Section 636(c). (If the parties agree, the consent should be filed with the Rule 26(f) Report.)

2.      This case shall be ready for trial on **October 29, 2024**. The anticipated length of **bench** trial is **2** days.

1057619\313991281.v1

Dated:  August 3, 2023                    FIELDS LAW FIRM

By:     *s/Joyce Trudeau*
Joyce Trudeau, Reg. No. 0398607
Zachary Schmoll, Reg. No. 0396093
9999 Wayzata Blvd.
Minnetonka, MN 55305
Telephone:  612-370-1511
Joyce@Fieldslaw.com
Zach@Fieldslaw.com

ATTORNEYS FOR PLAINTIFF APRIL
NANCE

Dated:  August 3, 2023                    HINSHAW & CULBERTSON LLP

By:     *s/Rita Gokhberg*
Rita Gokhberg, Reg. No. 0401700
250 Nicollet Mall, Suite 1150
Minneapolis, MN 55401
Telephone:  612-333-3434
Fax:  612-334-8888
mgokhberg@hinshawlaw.com

Daniel K. Ryan, Admitted *Pro Hac Vice*
151 North Franklin Street, Suite 2500
Chicago, IL  60606
Telephone:  312-704-3000
Fax:  312-704-3001
dryan@hinshawlaw.com

ATTORNEYS FOR DEFENDANT
METROPOLITAN LIFE INSURANCE
COMPANY

1057619\313991281.v1